# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHELLEY ANN WELLS,**

        Petitioner,

        v.         Case No. 06-C-1167

**ANA BOATWRIGHT, Warden,**

        Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner Shelley Ann Wells ("Wells") is a person incarcerated pursuant to a Wisconsin state court judgment. On November 9, 2006, Wells filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Charles N. Clevert screened Wells' petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and noted that it appeared that Wells had failed to file her petition within the one year limitations period set forth in 28 U.S.C. § 2244(d)(1) given that she was convicted on May 29, 1997 and sentenced on August 25, 1997. Therefore, Judge Clevert ordered the parties to address the issue of whether equitable tolling should apply.

On January 24, 2007, Wells filed various papers that the court shall accept as Wells' arguments as to why equitable tolling should apply. This case was then reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. On February 5, 2007, the respondent submitted her response regarding the issue of equitable tolling and requested that Wells' petition be dismissed.

Following a jury trial, Wells was convicted in Dane County Circuit Court on May 29, 1997 of five counts of forgery-uttering as an habitual criminal. On August 25, 1997, Wells was sentenced to a total of 32 years in prison and an additional 48 years of imprisonment which was imposed and stayed and Wells was placed on probation for 48 years.

Wells did not pursue a direct appeal of her conviction within the time limits set forth in Wis. Stat. § 809.30. Wells states in the various papers that she filed with the court (Docket No. 7) that she notified her trial counsel of her desire to pursue an appeal. Another attorney was then appointed to represent her on her appeal. Shortly after Wells' sentencing, she was admitted to the Winnebago Mental Health Complex, then transferred to Taycheedah Prison, and back again to Winnebago in 1998 before being transferred to a private prison in Oklahoma on December 29, 1999. It is unclear whether Wells was transferred back to Taycheedah prior to being transferred to Oklahoma.

Wells alleges that the only contact she had with her appellate counsel was on April 15, 1998. During this meeting, her appellate counsel stated that he did not believe there were viable issues for an appeal and stated that he would be filing a no-merit report with the Court of Appeals. Wells opposed this action, pointed to various issues that she regarded as meriting an appeal, and allegedly Wells' appellate counsel stated that he would further review her case and get back to her. Wells states that she believed her attorney was pursuing her appeal.

In 1998, Wells' family retained an attorney to pursue her appeal. On December 29, 1999, Wells was transferred to a private prison in Oklahoma. Once there, Wells made contact with another inmate who assisted her in contacting the Wisconsin Court of Appeals and Wells learned that no action had been taken on her case since December of 1997.

Wells then filed a pro se motion, which the court of appeals denied on March 22, 2000. The court of appeals denied this motion on March 22, 2000. Wells then pursued post-conviction relief in Dane County Circuit Court August 31, 2000 which was denied on August 31, 2000, and this denial was affirmed by the court of appeals on February 7, 2001.

Wells alleges that the attorney that her family retained did nothing for her and it was only after she filed a complaint with the Office of Lawyer Regulation in 2003 that he returned the retainer.

On February 20, 2004, Wells filed a new motion pursuant to Wis. Stat. 974.06 in circuit court, which was denied on July 9, 2004. Wells then pursued an appeal of this motion, which was denied by the court of appeals on October 19, 2005. Although the precise number and specific dates are not entirely clear from Wells' submissions, it appears that between 2004 and 2006 Wells filed various motions for post-conviction relief all of which were denied by the circuit court and court of appeals. The latest date referred to is February 27, 2006, which is the date that the Wisconsin Supreme Court denied Wells' petition for review. Wells argues that her petition was timely filed because it was filed within one year of the Wisconsin Supreme Court's denial of her petition for review.

The one year time limit begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Because no direct appeal was filed in this case, Wells conviction became final, at the latest, in March of 1998. Thus, Wells' deadline for filing a habeas petition was March of 1999. Although the one year statute of limitations is tolled during the pendency of a properly filed state post-conviction motion, no state post-conviction motion was filed until March of 2000, a year after the deadline for filing a federal habeas petition. Thus, this court is able to accept Wells' petition only if the doctrine of equitable tolling is applicable.

> While the one-year habeas statute of limitation may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. <u>Gildon v. Bowen</u>, 384 F.3d 883, 886 (7th Cir. 2004); <u>Williams v. Sims</u>, 390 F.3d 958, 960 (7th Cir. 2004). Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. <u>Williams</u>, 390 F.3d at 963. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of "no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." <u>Id.</u>; <u>see</u> <u>also</u> <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2001).

<u>Arrieta v. Battaglia</u>, 461 F.3d 861, 867 (7th Cir. 2006).

Although Wells points to various issues regarding alleged failures of her post-conviction attorneys and complications relating to her having been transferred to various institutions, Wells fails to provide an explanation for all of her delay in filing this petition. Specifically, Wells provides no explanation for the more than three year delay between the denial of her appeal in 2001 and the filing of a § 974.06 motion on February 20, 2004. Therefore, equitable tolling is inapplicable and Wells' petition shall be denied as being untimely filed under 28 U.S.C. § 2244(d)(1).

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is **granted**. The clerk shall enter judgment dismissing Wells's petition and this case with prejudice.

**IT IS FURTHER ORDERED** that the petitioner's motion to proceed in forma pauperis is **denied as moot** in light of the fact that the filing fee has been paid.

Dated at Milwaukee, Wisconsin this <u>2nd</u> day of March, 2007.

<u>s/AARON E. GOODSTEIN</u><br>
U.S. Magistrate Judge